ROYAL BANK OF CANADA, Plaintiff and Appellee, v. SANTIAGO IGLESIAS SILVA, Defendant and Appellant.

No. 6340. Argued January 15, 1934.—Decided February 7, 1934.

158

*G. Granado Silva* for appellant. *J. Henri Brown, C. Ruiz Nazario,* and *G. E. González* for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Defendant in an action based on two accepted drafts, appeals from an adverse judgment and plaintiff moves to dismiss the appeal. Appellant in his brief says that the district court erred in admitting the drafts over the objection of defendant and in rendering judgment notwithstanding the fact that plaintiff had failed to prove that it was a banking corporation duly organized under the laws of Canada and authorized to do business in Puerto Rico.

When the drafts were offered in evidence, defendant objected because they had not been sufficiently identified; because the name of the drawee written across the backs of the drafts had not been shown to be defendant's signature, and because the drawer as well as the drawee appeared as having accepted the drafts. The answer was in the form of a general denial followed by a so-called special defense in the form of an admission that defendant had accepted certain drafts and a denial for want of sufficient information that the drafts set forth in full in the complaint were the same drafts which had been accepted by defendant. It also contained a statement to the effect that while the drafts appeared to have been signed by defendant, he could not admit that his signature as transcribed in the complaint was a true copy of the original. We have heretofore held that

such a defense is frivolous. *Albert E. Lee & Son* v. *Sánchez,* 43 P.R.R. 350. The answer was not verified. Section 119 of the Code of Civil Procedure (Comp. Stat. 1911, § 5103) provides that:

"When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified."

Both the drafts and defendant's signature were sufficiently identified. The word "accepted" on the reverse side of each draft was followed, first, by the signature of the drawee and then by the signature of the drawer and, as pointed out by the bank official who identified the drafts and the signature of the drawee, the signature of the drawer was an indorsement, not an acceptance.

Appellant admits that if he had dealt directly with the bank instead of accepting a draft payable to the bank, he would have been estopped to deny the bank's corporate character and capacity to sue. The same principle whereby the maker of a note payable to a bank is estopped to deny the bank's capacity to sue applies, we think, with equal force and for the same reasons to the case of a defendant in an action brought by a bank as the owner and holder in due course of drafts payable to the bank, accepted by defendant as drawee, and indorsed by the drawer.

None of the questions raised by appellant so far as developed in the brief demands serious consideration and the appeal must be dismissed as frivolous.